**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-1102-WJM-STV

BELLWETHER COMMUNITY CREDIT UNION, on behalf of itself and all others similarly situated,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

**ORDER GRANTING IN PART JOINT MOTION FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS COUNSEL/LEADERSHIP STRUCTURE**

---

Before the Court is the Parties' Joint Motion for Consolidation and Appointment of Interim Class Counsel/Leadership Structure. (ECF No. 15.) For the reasons explained below, this motion is granted as to the Parties' request for consolidation; however, the Court reserves ruling on the Plaintiffs' request for appointment of interim class counsel and a leadership structure.

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the

1

court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).

The same group of attorneys has filed two substantially similar cases in this Court on behalf of two different Plaintiffs: (1) the above-captioned case; and (2) *Alcoa Community Federal Credit Union v. Chipotle Mexican Grill, Inc.,* Case No. 1:17-cv-1283-RM-STV*.* Counsel for Defendant is the same in both cases.

Although the precise details of each case are somewhat different, both "actions are substantively identical and are in the same stage of litigation." (ECF No. 15 at 2.) "Both actions: (1) are brought by payment-card-issuing financial institutions against the same, single Defendant; (2) are brought as a putative class action seeking to certify the same class of financial institutions; (3) allege the same legal claims for negligence, negligence *per se*, and declaratory/injunctive relief; and (4) arise out of the same occurrence: a data breach involving payment card information at Chipotle restaurants during the approximate period of March 2017 to the present." (*Id*. at 2–3.) All parties therefore agree that these cases should be consolidated.

Accordingly, the Court ORDERS as follows:

1. The Parties' Joint Motion for Consolidation and Appointment of Interim Class Counsel/Leadership Structure (ECF No. 15) is GRANTED as to the Parties' request for consolidation;

2. In accordance with the Court's inherent power to control its docket, and with Federal Rule of Civil Procedure 42(a), the following case is CONSOLIDATED into the above-captioned action:

       a.       Civil Action No. 17-cv-1283-RM-STV;

3. The above-captioned action shall be the lead case and all future filings shall be made in this action;

4. The Clerk shall TERMINATE all pending motions in Civil Action No. 17-cv-1283-RM-STV;

5. The Clerk shall re-docket the following filings on the above-captioned docket:

       a.       From 17-cv-1283-RM-STV, ECF Nos. 1 and 17;

6. Pursuant to D.C.COLO.LCivR 40.1(d)(4)(C), the Clerk is directed to reassign 17-cv-1283-RM-STV to the undersigned, and to maintain U.S. Magistrate Judge Scott T. Varholak on both cases;

7. A copy of this Order shall be docketed in 17-cv-1283-RM-STV.

Dated this 1st day of September, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge