**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-1102-WJM-STV
(*consolidated with* Civil Action No. 17-cv-1283-WJM-STV)

BELLWETHER COMMUNITY CREDIT UNION, and
ALCOA COMMUNITY FEDERAL CREDIT UNION, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

      Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND LEADERSHIP STRUCTURE**

Before the Court is the Parties' Joint Motion for Consolidation and Appointment of Interim Class Counsel/Leadership Structure. (ECF No. 15) ("Joint Motion"). The Court previously granted the Joint Motion in part as to the parties' joint request for consolidation; however, the Court reserved ruling on the Plaintiffs' unopposed[1] request for appointment of interim class counsel and a leadership structure. (*See* ECF No. 34.) For the reasons explained below, the remainder of the Joint Motion is granted.

Rule 23(g)(3) provides that a Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Although Rule 23(g)(3) itself contains no guidance for selecting interim counsel, the Court will use the criteria specified in Rule 23(g)(1)(A) for

---

[1] Defendant Chipotle Mexican Grill, Inc. "takes no position" as to the request for appointment of interim class counsel. (ECF No. 15 at 2.)

the appointment of class counsel in making its determination. *See Dorn v. Mueller*, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010) (applying factors set forth under Rule 23(g)(1)); *see also Ehler v. IPEX, Inc.*, 2009 WL 1392075, at *2 (D. Colo. May 15, 2009) ("Rule 23(g)(3) is silent as to the standards concerning the appointment of interim class counsel. However, 'when appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A).'" (quoting *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008))).

Rule 23(g)(1)(A) provides that the Court "must consider":

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). Furthermore, this Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id*. 23(g)(1)(B).

Plaintiffs ask the Court to: (1) appoint Joseph P. Guglielmo (Scott+Scott, Attorneys at Law, LLP) and Arthur M. Murray (Murray Law Firm) as interim co-lead class counsel; (2) appoint Bryan L. Bleichner (Chestnut Cambronne, PA) as chairman of the executive committee; and (3) appoint an executive committee comprising of Karen H. Riebel (Lockridge Grindal Nauen, PLLP), Gary F. Lynch (Carlson Lynch

Sweet Kilpela & Carpenter, LLP), Brian C. Gudmundson (Zimmerman Reed, LLP), and Karen S. Halbert (Roberts Law Firm, PA). (ECF No. 15 at 3–4.)

The Plaintiffs contend that the Court should "appoint this well-organized, cohesive group of law firms to oversee Plaintiffs' consolidated case, as they will provide the highest caliber of representation through a client-driven leadership structure that is committed to maximizing recovery on behalf of the Plaintiffs and ensuring the efficient prosecution of this litigation." (*Id*. at 4.) Plaintiffs further assert that the interim co-lead class counsel "will coordinate with the Court and defense counsel" and members of the executive committee "will coordinate with and assist the interim co-lead counsel and contribute to the costs required to litigate a case of this size on a contingent basis." (*Id*.)

As for item (i) from the "must consider" list, the Court is satisfied that the proposed interim co-lead class counsel and the members of the executive committee have spent and will continue to spend significant time developing this case. Further, as to item (iv), the Court recognizes that these firms appear to have the financial resources and skills necessary to effectively represent the Plaintiffs. (*See id*. at 7 ("[T]he law firms that comprise the leadership committee are well-funded and well-staffed firms that have represented plaintiffs in some of the largest class actions in the country.").)

As for items (ii) and (iii), the Court has considered the expertise and qualifications of the proposed interim co-lead class counsel as set forth in their attached firm résumés. (*See* ECF Nos. 15-2, 15-3.) Both proposed attorneys have significant experience litigating complex consumer class actions, including "extensive experience in data breach litigation." (ECF No. 15 at 7–8.) Thus, the Court is satisfied that Plaintiffs' proposed interim co-lead class counsel are both amply qualified to act as

3

counsel for the putative class. Similarly, the proposed executive committee chairman and the executive committee members have all been engaged in complex litigation throughout the country and have "successfully prosecuted and defended class litigation addressing substantive legal questions in the field of data security breaches." (*Id.* at 9.) In sum, the Court concludes that all requirements outlined in Fed. R. Civ. P. 23(g)(1)(A) have been satisfied.

Accordingly, the Court ORDERS as follows:

1. The Parties' Joint Motion for Consolidation and Appointment of Interim Class Counsel/Leadership Structure (ECF No. 15) is GRANTED as to the Plaintiffs' request for appointment of interim co-lead class counsel and a leadership structure;

2. Mr. Joseph P. Guglielmo and Mr. Arthur M. Murray are APPOINTED as Interim Co-Lead Class Counsel;

3. Mr. Bryan L. Bleichner is APPOINTED as Chairman of the Executive Committee; and

4. Ms. Karen H. Riebel, Mr. Gary F. Lynch, Mr. Brian C. Gudmundson, and Ms. Karen S. Halbert are APPOINTED as members of the Executive Committee.

Dated this 15th day of September, 2017.

BY THE COURT:

William J. Martínez
United States District Judge