IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01102-WJM-STV

BELLWETHER COMMUNITY CREDIT UNION,
On behalf of itself and all others similarly situated,

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to the Court's Order Setting Scheduling Conference (ECF No. 8) and Minute Order (ECF No. 30), the Court will hold a scheduling conference on September 29, 2017 at 9:30 a.m.

**Counsel for Plaintiff Bellwether Community Credit Union:**

1. Joseph P. Guglielmo and Carey Alexander, Scott+Scott, Attorneys at Law, LLP, 230 Park Avenue, 17th Floor, New York, NY 10169, (212) 223-6444; and Erin G. Comite, Scott+Scott, Attorneys at Law, LLP, 156 South Main Street, Colchester, CT 06415, (860) 537-5537.

2. Arthur M. Murray and Caroline T. White, The Murray Law Firm, 650 Poydras Street, Suite 2150, New Orleans, LA 70130, (504) 525-8100.

3. Karen H. Riebel, Kate M. Baxter-Kauf, and Rachel M. Bohman, Lockridge Grindal Nauen P.L.L.P., 100 Washington Avenue S, Suite 2200, Minneapolis, MN 55401, (612) 339-6900.

4. Bryan L. Bleichner, Chestnut Cambronne PA, 17 Washington Avenue North, Suite 300, Minneapolis, MN 55401, (612) 339-7300.

5. Brian C. Gudmundson, Zimmerman Reed LLP, 1100 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, (612) 341-0400.

**Counsel for Plaintiff Alcoa Community Federal Credit Union:**

6. Karen Sharp Halbert, Michael L. Roberts and Jana K. Law, Roberts Law Firm, P.A., 20 Rahling Circle, Little Rock, AR 72223, (501) 821-5575.

**Counsel for Defendant:**

1. Paul G. Karlsgodt and Xakema Henderson, Baker & Hostetler, LLP, 1801 California Street, Suite 4400, Denver, CO 80202, (303) 861-0600.

2. Sam Camardo, Baker & Hostetler, LLP, 127 Public Square, Suite 2000, Cleveland, Ohio 44114, (216) 621-0200.

## 2. STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2). The amount in controversy in this action exceeds $5,000,000, exclusive of interest and costs, and there are more than 100 members of the proposed Class, more than two-thirds of whom are citizens of a different state than Defendant. Defendant Chipotle is a citizen of Delaware, where it is incorporated, and Colorado, where its principal place of business is located.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      **Plaintiffs:**

This case involves a security data breach of Defendant Chipotle Mexican Grill, Inc.'s Point of Sale ("POS") systems. The Chipotle data breach compromised the names, credit and debit card numbers, card expiration dates, card verification values, and other credit and debit card information belonging to customers of Chipotle stores nationwide.

Plaintiffs and members of the proposed Class are financial institutions that issued credit and debit cards compromised in the Chipotle Breach. Plaintiffs and the proposed Class assert claims for negligence, negligence *per se*, and for declaratory and injunctive relief. Plaintiffs and members of the proposed Class allege that the Chipotle Data Breach was the inevitable result of Chipotle's inadequate data security measures and approach to data security. Despite the well-publicized and ever-growing threat of cyber breaches involving payment card networks and systems, Chipotle systematically failed to maintain adequate data security measures, failed to implement best practices, failed to upgrade security systems, and failed to comply with industry standards by allowing its computer and POS systems to be breached. As a result of Defendant's actions and omissions, Plaintiffs and the proposed Class suffered substantial economic harm, including but not limited to costs to cancel and reissue affected payment cards, costs of covering fraudulent transactions incurred by customers, and amounts to notify customers, handle customer inquiries and complaints, and close affected accounts and open new accounts.

b.      **Defendant(s):**

In early 2017, certain Chipotle stores were victims of a cyberattack on their payment card systems where criminals attempted to obtain patrons' payment card data. There is no

indication that other customer information was affected. Plaintiffs claim to have issued payment cards to persons who paid with them at an affected Chipotle store. Plaintiffs seek to recover from Chipotle expenses associated with reimbursing customers for fraudulent charges or replacing cards they claim were affected by the cyber attack at Chipotle on behalf of a nationwide class of issuers through a negligence claim. Chipotle disputes that it is liable to Plaintiffs under any theory. Chipotle owes issuing banks—with which it has no relationship—no tort duty, and Plaintiffs' alleged damages are barred by the economic loss rule in any event. Chipotle also disputes that it was negligent and that any purported negligence caused Plaintiffs any damages. Plaintiffs' claims will also be barred by several affirmative defenses, including assumption of risk and failure to mitigate damages, among others. Finally, Plaintiffs' claims cannot proceed on a class basis because individual issues will predominate.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Chipotle is a national restaurant chain headquartered in Denver, Colorado.
2. Chipotle restaurants accept credit and debit cards as payments.

## 5. COMPUTATION OF DAMAGES

Plaintiffs have not engaged in a computation of damages, which will require expert and other evidence generated during discovery and further investigation. Plaintiffs seek to recover damages in several categories, including but not limited to costs to: (a) cancel or reissue any credit and debit cards affected by the Chipotle Data Breach; (b) close any deposit, transaction, checking, or other accounts affected by the Chipotle Data Breach, including, but not limited to, stopping payments or blocking transactions with respect to the accounts; (c) open or reopen any deposit, transaction, checking, or other accounts affected by the Chipotle Data Breach; (d)

refund or credit any cardholder to cover the cost of any unauthorized transaction relating to the Chipotle Data Breach; (e) respond to a higher volume of cardholder complaints, confusion, and concern; (f) increase fraud monitoring efforts; and (g) reissue compromised cards resulting from the Chipotle Data Breach.

Chipotle disputes that Plaintiffs suffered any damages that may be recovered from Chipotle and asserts that any losses that can be claimed by Plaintiffs arising out of the Incident will be compensated through the card brand assessment process. Chipotle will seek its reasonable attorney's fees under C.R.S. §13-17-201 if its motion to dismiss is successful.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   **Date of Rule 26(f) meeting.**

On June 22, 2017, the parties held a Rule 26(f) meeting by teleconference and communicated by telephone and email at various times thereafter to finalize the proposed scheduling order.

b.   **Names of each participant and party he/she represented.**

**Plaintiffs were represented by:**

1. Joseph P. Guglielmo, Scott+Scott, Attorneys at Law, LLP, 230 Park Avenue, 17th Floor, New York, NY 10169, (212) 223-6444, and Erin G. Comite, Scott+Scott, Attorneys at Law, LLP, 156 South Main Street, Colchester, CT 06415, (860) 537-5537.

2. Arthur M. Murray, The Murray Law Firm, 650 Poydras Street, Suite 2150, New Orleans, LA 70130, (504) 525-8100.

**Defendant was represented by:**

1.  Paul G. Karlsgodt and Xakema Henderson, 1801 California Street, Suite 4400, Denver, Colorado, 80202, (303) 861-0600.

2.  Sam Camardo, Baker & Hostetler, LLP, 127 Public Square, Suite 2000, Cleveland, Ohio 44114, (216) 621-0200.

    **c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties agreed to make Rule 26(a) disclosures on August 11, 2017.

    **d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties stipulated and agreed to make Rule 26(a) disclosures on August 11, 2017 rather than within 14 days of the Rule 26(f) conference.

    **e.    Statement concerning any agreements to conduct informal discovery:**

The parties have discussed the production of certain documents outside of the discovery process relating to the security incident. Plaintiffs have provided a list of requested documents they believe are readily available, and would inform the parties as to the scope of the breach and the liability assessment process by the card brands (i.e., Visa, MasterCard, Discover, and American Express). Plaintiffs have requested that Chipotle produce any preliminary or final forensic report pursuant to the Payment Card Industry Standards Council, assessment information, documents relating to any internal investigation relating to the data breach and the data breach alerts, among other documents. Chipotle has agreed to review the list and provide relevant documents that can be obtained without undue burden. The parties will continue to meet and confer regarding Plaintiffs' request and Defendant's response.

The parties have not requested joint interviews of any individuals at this time.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties are conferring and will submit for the Court's consideration a stipulation under Federal Rules of Evidence 502(d) and (e) that reflects the parties' agreement to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information against claims of waiver and inadvertent production. The parties have reviewed and agree to comply with the Civil Practice Standards for both Judge Martinez and Magistrate Judge Varholak. Further, the consolidated financial institution plaintiffs shall be responsible for the just and efficient conduct of discovery and other litigation efforts on behalf of the consolidated plaintiffs, including the implementation of a document repository, and assignment and coordination of document, deposition, expert, and other discovery.

**g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that the claims and defenses at issue in this litigation will involve electronically stored information ("ESI"). The parties have already taken steps to preserve ESI. The parties are negotiating and will submit a proposed ESI Protocol and proposed Rule 502(d) Order.

**h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Pursuant to Fed. R. Civ. P. 26(f)(2), the parties have discussed the possibility for a prompt settlement or resolution of the case by alternative dispute resolution. The parties have

not agreed to engage in alternative dispute resolution at this time. The parties will report any such agreement to the Court promptly.

### 7. CONSENT

All parties ☐ [have]   [x] [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Plaintiffs believe that they will need to conduct 15 depositions and/or subpoenas of parties and non-parties during the course of this litigation, while reserving the right to seek additional deponents for good cause shown. Specifically, Plaintiffs anticipate needing to depose employees within Chipotle information security department(s) who have knowledge about Chipotle's data security practices; employees who were responsible for seeking and affirming compliance with Payment Card Industry ("PCI") standards; the individual or individuals who discovered the data breach; and the individuals who were responsible for remediating the data breach, including individuals who were involved with any PFI investigation. Plaintiffs also intend to subpoena non-party entities who were involved in the data breach investigation, assessment of liability, and any assessment process relating to the data breach.

~~Defendant believes that the presumptive discovery limitations set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) should apply to this case.~~ Plaintiffs believe they may require additional depositions and reserve their right to seek leave of the Court to take additional depositions beyond the limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i).

[handwritten margin note: 15 STV]

With respect to interrogatories, both parties agree to the limitations set forth in Fed. R. Civ. P. 33(a)(1).

b. **Limitations which any party proposes on the length of depositions.**

Both parties agree to the presumptive seven-hour limit for an individual deponent, and that a 30(b)(6) may last longer than seven hours, but not for any single witness. The parties also agree that they may extend these limitations by mutual agreement or by request to the Court for good cause shown.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties do not believe that there should be any additional limitations to discovery other than those set forth in the Federal Rules of Civil Procedure, the Local Rules, and Orders of the Court, except that the parties agree that requests for admission for authentication purposes shall have no numerical limitation.

[handwritten annotation: 35 each]

d. **Other Planning or Discovery Orders**

The Court entered the parties' proposed Protective Order. (*See* ECF No. 27.) The parties are negotiating and will submit a proposed ESI Protocol and proposed Rule 502(d) Order.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

Plaintiffs will file a consolidated amended complaint 30 days after the Court's Scheduling Conference set for September 29, 2017.

Any motions seeking to join other parties must be filed and served by November 28, 2017. Motions seeking to amend the pleadings must be filed and served by February 19, 2018.

b.     **Discovery Cut-off:**

Fact discovery must be completed on or before December 14, 2018. Expert discovery must be completed on or before April 12, 2019.

c.     **Class Certification Deadline:**

Plaintiffs will file their class certification motion by August 14, 2018. Defendant will file any opposition to Plaintiffs' motion by October 14, 2018, and Plaintiffs will file their reply in support of their motion on December 14, 2018.

d.     **Dispositive Motion Deadline:**

All dispositive motions must be served and filed on or before April 26, 2019.

All non-dispositive motions shall be filed and served on or before April 5, 2019.

e.     **Expert Witness Disclosure:**

1.     Plaintiffs anticipate having experts in the fields of: information technology and data security, payment card security industry standards, and Plaintiffs' damages, among other potential areas.

Defendant anticipates calling expert witnesses to rebut the opinions of experts called by Plaintiffs and to present opinions in the areas of information technology and data security, cyber-crime, and payment card security industry organization and standards.

2.     The parties do not propose any limitations on expert testimony other than those specified by the Federal Rules of Civil Procedure and any relevant Local Rules.

3.     Reports of experts whose opinions are to be relied upon in support of or in opposition to class certification shall be served contemporaneously with the parties' briefs on class certification.

4.     The schedule for trial expert designation shall be as follows:

    i.    Deadline for party bearing the burden of proof on issue for which expert testimony is designated: ~~60 days after the Court rules on class certification or 90 days before trial, whichever occurs first~~ January 9, 2019;

    ii.    Deadline for party not bearing the burden of proof on issue for which expert testimony is designated: ~~30 days after the deadline set forth in Paragraph e.4.i above~~ February 8, 2019;

    iii.    Deadline for rebuttal disclosures: ~~30 days after service of the opposing party's designations~~ March 12, 2019.

5.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 29, 2019. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(C).

**f.    Identification of Persons to Be Deposed:**

The parties have not yet determined the identity of witnesses to be deposed.

**g.    Deadline for Interrogatories:**

The deadline for serving Interrogatories is November 14, 2018.

**h.    Deadline for Requests for Production of Documents and/or Admissions:**

The deadline for serving Requests for Production of Documents and/or Admissions is November 14, 2018.

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on ___6/24/19___ at __9:30__ o'clock. a.m.,

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

b.      **Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs estimate that trial will take 10 days. Plaintiffs requested a jury trial.

c.      **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause and after a good faith effort by the parties to arrive at a mutually agreeable amendment.

DATED at Denver, Colorado, this 22nd day of September, 2017.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ Joseph P. Guglielmo
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com

Erin Green Comite
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
156 South Main Street
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-44342

Arthur M. Murray
THE MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: 504-525-8100
Facsimile: 504-284-5249
amurray@murray-lawfirm.com

Attorneys for Plaintiffs

/s/ Paul G. Karlsgodt
Paul Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street | Suite 4400
Denver, CO 80202-2662
Telephone: 303-764-4013
pkarlsgodt@bakerlaw.com

Attorneys for Defendant Chipotle Mexican Grill, Inc.